IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | CRIMINAL ACTION FILE |
| v. | NO. 4:18-CR-00002-HLM-WEJ-1 |
| CHARLES RAY PENNEY, | |
| Defendant. | |

**NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Mr. Penney's Motion to Suppress [28]. Mr. Penney argues that a hearing is necessary to determine whether the alleged victim made a reliable identification when she picked his photograph out of a six-photograph array. (Mot. to Suppress 4.) For the reasons below, the undersigned **REPORTS** that no hearing is necessary and **RECOMMENDS** that Mr. Penney's Motion to Suppress be **DENIED**.

**I.   ANALYSIS**

The Eleventh Circuit uses a two-step analysis to determine the constitutionality of an out-of-court photo array identification. United States v. Diaz, 248 F.3d 1065, 1102, (11th Cir. 2001). First, the Court is required to determine if

the alleged victim's identification was compromised by an unduly suggestive array of photographs. Id. If the Court determines that the line-up was not unduly suggestive, the inquiry ends, and there is no evidentiary hearing required. Williams v. Weldon, 826 F.2d 1018, 1021 (11th Cir. 1987).

Since Mr. Penney does not allege that the presentation was inherently prejudicial (i.e., no suggestive comments or a very small number of pictures), the principal question is whether the picture of Mr. Penney so stood out from the other photographs that it suggested Mr. Penney was more than likely the culprit. See United States v. Perkins, No. 1:10-CR-97-JEC-LTW, 2011 WL 2294163, at *6 (N.D. Ga. Apr. 21, 2011), report and recommendation adopted, No. 1:10-CR-97-01-JEC, 2011 WL 2268055 (N.D. Ga. June 8, 2011), aff'd, 787 F.3d 1329 (11th Cir. 2015). Courts consider several factors when assessing whether a photo array is unduly suggestive. These factors include the size of the photographs and background as well as the similarity of the physical features of those depicted, their apparent race, and other potentially identifying features. See e.g., United States v. Anderson, 156 F. App'x 218, 220-21 (11th Cir. 2005) (photo array nonsuggestive because photos roughly the same size, all individuals appeared to be African-American, and font under each photo was uniform); United States v. Stevenson, No. 1:11-CR-00350-ODE, 2012 WL 1424169, at *5 (N.D. Ga. Mar. 7, 2012),

report and recommendation adopted, No. 1:11-CR-350-ODE-RGV, 2012 WL 1418635 (N.D. Ga. Apr. 23, 2012) (photo array not unduly suggestive where all photos were black and white, of African-American men, similar in size, and similar in manner of presentation).

A line-up is not unduly suggestive merely because the defendant's photograph is distinguishable from the others. See e.g., United States v. Knight, 382 F. App'x 905, 907 (11th Cir. 2010) (photo array not unduly suggestive where defendant was of a lighter complexion than four of the other individuals in a six-photo array and where the background lighting differed slightly); United States v. Rose, 362 F.3d 1059, 1066 (8th Cir. 2004) (photographic lineup not unduly suggestive although defendant's eyes may have appeared closed in his photograph and his hair was shorter than the rest, where basic physical features of others were consistent with description provided by witness and generally similar to defendant's features); United States v. Burbridge, 252 F.3d 775, 780 n. 5 (5th Cir. 2001) (not impermissibly suggestive that defendant was the only one in photographic lineup with black t-shirt); Cikora v. Dugger, 840 F.2d 893 (11th Cir. 1988) (finding that photo array was not unduly suggestive despite the photo of defendant being the only one that contained height markings and differences in facial hair).

Unconstitutionally suggestive photographs are markedly different and can be singled out in some obvious way. For example, in O'Brien v. Wainwright, 738 F.2d 1139 (11th Cir. 1984), and Passman v. Blackburn, 652 F.2d 559 (5th Cir. 1981), the courts found photographic arrays unduly suggestive because the accused's photo was in color and the others were black and white. 738 F.2d at 1141; 652 F.2d at 570. Similarly, in Jones v. Newsome, 846 F.2d 62 (11th Cir. 1988), the court found photo arrays unduly suggestive where the accused's photograph was "markedly different" in physical appearance from the others. Id. at 64.

Here, Mr. Penney argues that the photo array was unconstitutionally suggestive because four of the six photographs depict men with receding hairlines, and of the men with more hair, Mr. Penney was the only one smiling. (Mot. to Suppress 4.) Mr. Penney insists that smiling men with more hair are more attractive and that a witness who selected based on attractiveness once would naturally gravitate towards selecting the photograph of a smiling man with comparably more hair. (Id.) In Mr. Penney's view, this array was unduly suggestive because the identifying witness initially "swiped" his photograph on social media because she found him attractive. (Id.) Thus, he concludes that because the witness selected

4

for attractiveness on social media, she would similarly select his photo based on attractiveness when asked to identify him in a line-up. (Id.)

Mr. Penney's argument is unconvincing. The six photographs were all the same size and each man appears to be of similar size. (Gov. Response Ex. 1 [31-1], at 1.) They all depict Caucasian males of about the same age with closely cropped hair and some degree of facial hair. (Id.) Five of the men, including the defendant have brown eyes. (Id.) Each subject is photographed against the same blue background, and if clothing is visible, it is non-descript street clothing. (Id.)

Regarding Mr. Penney's tenuous argument that his hairline and smile distinguish him, five of the six men have short, dark hair and only one of the men has noticeably thinning hair. (Gov. Response Ex. 1 [31-1], at 1.) It is not as if the four men with receding hairlines are bald or nearly bald. (Id.) Mr. Penney has only a slight smile that is similar to the facial expression of another man depicted. (Id.) Again, it is not as if Mr. Penney is grinning while the other men are stone faced. (Id.) Thus, the photo array was not unduly suggestive as those depicted are not markedly different in appearance and no photograph stands out in an impermissible way.

## II.     CONCLUSION

Because the photo array is not unduly suggestive, there is no need to proceed to the second step of the analysis. Thus, the undersigned **REPORTS** that there is no need for a hearing, and **RECOMMENDS** that Mr. Penney's Motion to Suppress be **DENIED**.

**SO RECOMMENDED**, this 23rd day of July, 2018.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE