# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHARLES RAY PENNEY,<br><br>Defendant. | CRIMINAL FILE NO.<br>4:18-CR-002-01-HLM-WEJ |

## ORDER

This case is before the Court on Defendant's Motion to Suppress Identification Testimony [28], on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [32], and on Defendant's Objections to the Non-Final Report and Recommendation [35].

## I. Standard of Review

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Jeffrey S. by Ernest S. v. State Bd. of Educ., 896 F.2d 507, 513 (11th Cir. 1990); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at

2

784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On June 8, 2018, Defendant filed his Motion to Suppress Identification Testimony. (Mot. Suppress Identification (Docket Entry No. 40).) On July 23, 2018, Judge Johnson issued his Non-Final Report and Recommendation. (Non-Final Report & Recommendation (Docket Entry No. 32).) Judge Johnson recommended that the Court deny the Motion to Suppress Identification Testimony. (Id.)

Defendant filed Objections to the Non-Final Report and Recommendation. (Objs. (Docket Entry No. 35).) The Court finds that no response to those Objections from the

3

Government is necessary, and concludes that the matter is ripe for resolution.

## III. Discussion

Judge Johnson accurately set forth the law relating to out-of-court photo array identifications. (Non-Final Report & Recommendation at 1-4.) To the extent that Defendant objects to this portion of the Non-Final Report and Recommendation, the Court overrules the Objection. (See generally Objs.) Moreover, to the extent that Defendant contends that a hearing is necessary, the Court disagrees and overrules this Objection. (Objs. at 3-4.)

Judge Johnson also correctly rejected Defendant's arguments that the photo array was unduly suggestive. (Non-Final Report & Recommendation at 4-5.) The Court agrees with Judge Johnson that "the photo array was not unduly suggestive as those depicted are not markedly

4

different in appearance and no photograph stands out in an impermissible way." (Id. at 5.) The Court further finds that "[b]ecause the photo array is not unduly suggestive, there is no need to proceed to the second step of the analysis." (Id. at 6.) To the extent that Defendant argues otherwise, the Court overrules the Objection.

In sum, Judge Johnson correctly evaluated Defendant's Motion to Suppress Identification Testimony. The Court therefore adopts the Non-Final Report and Recommendation, overrules Defendant's Objection to the Non-Final Report and Recommendation, and denies Defendant's Motion to Suppress Identification Testimony.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [32], **OVERRULES** Defendant's

5

Objection to the Non-Final Report and Recommendation [35], and **DENIES** Defendant's Motion to Suppress Identification Testimony [28].

IT IS SO ORDERED, this the 3rd day of August, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE